**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-80354-BLOOM**

RAFAEL PINEDA-MOJICA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

                                  /

**ORDER OF TRANSFER**

**THIS CAUSE** is before the Court on Petitioner Rafael Pineda-Mojica's ("Petitioner") Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, ECF No. [1] ("Motion"). A close review of the Motion reveals that Petitioner is not challenging the constitutionality of his underlying conviction. Rather, Petitioner is challenging the computation of his sentence by the Federal Bureau of Prisons. For this reason, the Court construes the Petition as one brought under 28 U.S.C. § 2241.

On January 26, 2017, Petitioner entered a guilty plea in *United States of America v. Pineda-Mojica, et al.*, Case No. 16-cr-80197-BLOOM, for knowingly and willfully conspiring to possess with intent to distribute at least one-hundred grams or more of a mixture and substance containing heroine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. *Id.* at 1. On April 11, 2017, Petitioner was sentenced to sixty months in prison, followed by four years of supervised release. *Id.* Petitioner was in federal custody from August 27, 2017 to April 29, 2018, and was subsequently transferred to state court for sentencing in *State of Florida v. Pineda-Mojica*, Case No. 50-2009-CF-014458-AXXX-MB. *Id.* at 3. Petitioner was sentenced to three years in state prison and remained in state custody for twenty months and fourteen days. *Id.* at 3-4. Upon completing his state sentence on January 14, 2020, Petitioner was immediately transferred back to federal custody.

*Id.* On March 5, 2020, Petitioner discovered that he did not receive credit for the time he served in state custody towards his federal sentence, *Id.* at 10, and brings the instant Motion seeking sentencing credit.

It is well-established that federal prisoners must file petitions challenging the execution of their sentence in the district of confinement. *See* 28 U.S.C. § 2241. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *United States v. Lassiter*, 812 F. App'x 896, 900 (11th Cir. 2020) ("Accordingly, '[s]ection 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated.'") (alterations in original) (quoting *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991)). At the time of filing the instant action, Petitioner was incarcerated at the McRae Correctional Institution in McRae Helena, Georgia. ECF No. [1] at 1. Thus, because Petitioner is challenging the execution of his sentence, this case should be transferred to the court having jurisdiction over the facility where Petitioner is confined—the United States District Court for the Southern District of Georgia. *See Lassiter*, 812 F. App'x at 900-01 (finding that Southern District of Alabama lacked jurisdiction to entertain federal inmate's habeas petition seeking sentencing credit even though inmate was sentenced by district where inmate was incarcerated in Northern District of Florida).

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Motion, **ECF No. [1]**, shall be construed as a petition pursuant to 28 U.S.C. § 2241.

2. The Motion, **ECF No. [1]**, shall be transferred to the United States District Court for the Southern District of Georgia, Petitioner's current district of confinement.

Case No. 21-cv-80354-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 24, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Rafael Pineda-Mojica
#14231-104
McRae Correctional Institution
Inmate Mail/Parcels
P.O. Box Drawer 55030
McRae Helena, GA 31055
PRO SE